IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARLENE BROWN and KELVIN BROWN, as surviving parents of Joseph Walter Brown and as putative personal representatives of the estate of Joseph Walter Brown, | ) ) ) ) ) ) |
| Plaintiffs, | ) CASE NO. 5:24-cv-00045-MTT ) |
| v. | ) ) |
| LATRICE HATCHER, in her individual capacity, | ) ) ) |
| Defendant. | ) |

**CONSENT PROTECTIVE ORDER**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

Whereas Plaintiffs filed this action under 42 U.S.C. § 1983 alleging that their deceased son, Joseph Walter Brown, was killed by his cellmate, Demarquis Glenn, at Macon State Prison ("MSP"), a Georgia Department of Corrections ("GDC") facility, and further alleging violations of Brown's constitutional rights by Defendant Latrice Hatcher ("Hatcher" or "Defendant"), an employee of GDC;

Whereas Plaintiffs have issued a subpoena to non-party GDC. GDC asserts that certain of the requested documents -- in the interest of security of GDC facilities, safety of former and current inmates and personnel of GDC, and safety of the public -- including investigatory files of GDC -- should be kept confidential, pursuant to O.C.G.A § 42-5-36. Accordingly, good cause having been shown and by agreement of the parties, pursuant to Fed. R. Civ. P. Rule 26(c) the

Court **HEREBY ORDERS** that the subpoenaed records shall be protected as set forth herein subject to the following limitations:

1. The Court and its authorized personnel are not parties to the agreement and are not bound by its terms.

2. Nothing in this Order shall be construed as relieving any party from the obligation imposed by the Local Rules to file a motion seeking the sealing of confidential documents.

3. Nothing in this Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

4. The investigation records from GDC, including investigation records relating to Joseph Walter Brown or other GDC inmates, grievances filed by former and current inmates and personal information relating to Defendant, shall presumptively be subject to the provisions of this Order if they are marked "CONFIDENTIAL" on each page containing information believed to be confidential, or in the event it is an electronic record not easily subject to designating pages, by so designating the electronic file.

5. Documents should not be designated as confidential as a matter of course. Mere agreement by the parties that documents should be designated as confidential does not automatically satisfy the Fed. R. Civ. P. 26(c) good cause standard.  By designating a document "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," the person/party making the designation represents that they have a good faith belief that the designated document or material merits protection.

6. Documents marked "CONFIDENTIAL" may only be disclosed to, and the information therein shared only with, the Plaintiffs, the Defendant, employees of GDC, the attorneys of record in this litigation and any members, associates, and employees of such attorneys

or their firms as may be necessary, witnesses who are being questioned about or concerning covered documents or information, any expert witness or consultant retained by a party, any court reporter, videographer, or similar person used in the discovery process in this action, and the Court, persons employed by the Court, jurors, appellate courts and appellate court personnel performing judicial functions related to this case, except that disclosure may be made to a person who is already aware of the documents or information (*e.g.*, a GDC employee who created the specified document).  It shall remain the duty of counsel to reasonably ensure that any person to whom the confidential documents or information are disclosed observes the terms of this Order.

7. For deposition testimony and deposition exhibits, counsel for the deponent or a party may disclose a document designated as "CONFIDENTIAL" at the time of taking a deposition to any witness and his or her counsel of record (subject to the procedure for disclosing a document to a person incarcerated in a Georgia Department of Corrections facility, which is addressed below). If submitted as an exhibit at the time of the deposition, the original and each copy of the designated portions of the deposition transcript, including any exhibits, shall be separately bound and the portion designated as Confidential shall bear the marking "CONFIDENTIAL."

8. Documents marked "CONFIDENTIAL" hereunder shall be utilized only for purposes of this litigation, including appeals and related proceedings, and for no other purposes.

9. Any party may challenge a designation of confidentiality at any time.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The challenging party shall provide written notice of each designation it is challenging and describe the basis for each challenge.  The parties or non-parties shall attempt to resolve each challenge in

good faith and confer directly within 14 days of the date of service of notice. If the parties or non-parties cannot resolve a challenge without court intervention, the party or non-party who designated the material as confidential may file and serve a motion to retain confidentiality within 21 days of service of the notice. Each such motion must be accompanied by a good faith conference certificate. The burden of persuasion shall be on the designating party or non-party. Unless the designating party or non-party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties or non-parties shall continue to treat the material as confidential until the Court rules on the challenge.

10. In the event that counsel seeks the testimony of a person who is incarcerated in a Georgia Department of Corrections facility consistent with Fed. R. Civ. P. 30(a)(1)(B), and in the event that counsel intends to disclose the contents of any document designated as "CONFIDENTIAL" or provide the confidential document to the incarcerated person, counsel shall provide the designating party/non-party (the party/non-party which designated the document(s) as confidential) notice of such intent at least ten days prior to making such disclosure. If the designating party/non-party objects to such disclosure, the parties shall confer in good faith to resolve the objection. If the parties cannot resolve the objection, the designating party/non-party may file and serve an appropriate objection or motion (with the burden of persuasion falling on the designating party/non-party), and counsel intending such disclosure shall not make such disclosure until the Court has ruled on the objection or motion.

11. Any document designated as "CONFIDENTIAL" under this Order shall, if filed with the court, be clearly marked "CONFIDENTIAL," sealed with a copy of this Order attached

to the outside, placed in a separate, secure storage by the clerk, and opened only by authorized court personnel.

12. Inadvertent failure to designate a document as "CONFIDENTIAL" shall not constitute a waiver of such claim and may be corrected upon notice to the parties. Upon receiving such notice, the parties shall thereafter mark and treat the material as so designated, and such material shall be fully subject to this Order from the date of such supplemental notice forward and shall exercise its best efforts to ensure redaction, return or destruction of such material as is appropriate under the provisions of this Order.

13. If a party or non-party learns that, by inadvertence or otherwise, it has disclosed a document designated as "CONFIDENTIAL" to any person or in any circumstances not authorized under this Protective Order, the party shall immediately notify the other parties and any producing/designating non-party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the protected material, and inform the person or persons to whom unauthorized disclosures were made of all the provisions of this order.

14. If, at the time of trial or in connection with any pretrial hearing or evidentiary proceeding counsel intends to introduce any documents or other materials designated as "CONFIDENTIAL" pursuant to this Order, he or she shall inform the Court and disclosing party's counsel as far in advance as possible and the Court may take such steps at the request of counsel or on its own initiative as it deems necessary to preserve the confidentiality of such material or documents. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted *in camera.*

15. Within 60 days of the conclusion of this litigation and any appeal thereof, documents covered by this Protective Order and all reproductions of documents covered by this Protective Order shall be destroyed or returned to the producing party or non-party. If requested, counsel for a party shall also furnish a certificate of compliance that all documents covered by this Protective Order produced to that party have been destroyed.

16. Until such time as this Protective Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it has been "So Ordered."

17. The terms and provisions of this Protective Order shall be binding on the parties entering into same and their counsel as of the date of this Order. This Protective Order shall not create any private causes of action and the parties shall seek a ruling from this Court in the event a dispute arises regarding this Order prior to its entry. This Court has continuing jurisdiction over the enforcement, interpretation and modification of this Protective Order. This continuing jurisdiction shall extend beyond the conclusion of the Action. The confidentiality obligations imposed by this Protective Order shall survive any such conclusion unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing. It shall remain the duty of counsel to reasonably ensure that any person to whom the documents are disclosed observes the terms of this protective order,

18. Any party may move the Court, after notice to the other parties, to modify or grant relief from any provision of this Protective Order.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or

relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

    **SO ORDERED** this 16th day of May, 2024.

                                              S/ Marc T. Treadwell
                                              Hon. Marc T. Treadwell
                                              Chief Judge, United States District Court
                                              Middle District of Georgia